UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL SOMMERFIELD,                          Case No. 16-cv-536-pp

                    Plaintiff,

v.

ASSOCIATED TRUST CO.,

                    Defendant.

**ORDER GRANTING THE PLAINTIFF'S REQUEST FOR WAIVER OF THE
FILING FEE (DKT. NO. 2), SCREENING COMPLAINT, AND DISMISSING THE
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF CAN BE GRANTED**

On May 3, 2016, plaintiff Michael Sommerfield—representing himself—

filed a complaint against Judge William Atkinson of the Circuit Court of Brown

County, Wisconsin. Dkt. No. 1. He also filed a motion asking the court to allow

him to proceed *in forma pauperis*—that is, without paying the filing fee—and a

motion for injunctive relief. Dkt. Nos. 2 and 3. The court grants the plaintiff's

motion to proceed *in forma pauperis*, screens his complaint, dismisses the

complaint for failure to state a claim for which a federal court can grant relief,

and denies his motion for injunctive relief.

**I. Motion to Proceed *In Forma Pauperis* (Dkt. No. 2)**

A district court may authorize a plaintiff to proceed *in forma pauperis*—

meaning that he does not have to pre-pay the $400 filing fee to start a civil

lawsuit—if the plaintiff submits an affidavit listing his assets, indicating that

1

he is unable to pay the fees, and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a).

On May 3, 2016, the plaintiff filed an application listing his assets and liabilities. Dkt. No. 2. The application indicates that the plaintiff has no monthly wages or salary. In the last twelve months, he's received $4,000 from Trans Systems, and $330.00 from Wellachs Farm. Id. at 2. He has a rental expense of $100 per month and other household expenses of $200 per month. Id. He also has to pay $100 a month for gas for his 2003 Toyota Tundra (which he values at $1,000) and $80 per month for insurance. Id. at 3. Despite the fact that he has a rental expense of $100 a month, he also states that he owns his home (which he values at $78,000) free and clear of any liens. Id. He has a negative balance in his checking account. Id. He also owns a "house in Lake Alfred, FL." He does not give a value for this house. Id.at 4. He says that he is "looking for a place to live in Green Bay." Id.

As the court found in another case filed by the plaintiff, there is confusing information in the plaintiff's affidavit, but it appears to the court that he does not have enough steady income to be able to afford to pay the filing fee. Order at 2,  Sommerfield v. Associated Trust Co., 16-cv-537, Dkt. No. 8 (E.D. Wis. June 16, 2016).

## II. Screening of the Plaintiff's Complaint

Section 1915(e)(2)(B) of Title 28 requires a court to dismiss a case filed by an unrepresented plaintiff at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

2

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S. Ct. 1728 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). At the screening stage, the court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff, but the court can "pierce the veil of the complaint's factual allegations," and need not "accept without question the truth of the plaintiff's allegations." <u>Denton</u>, 504 U.S. at 32. For example, the Supreme Court has explained that a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." <u>Id.</u> at 32-33. By contrast, the court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." <u>Id.</u>

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

3

recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim,
a complaint must contain sufficient factual matter, accepted as true, "that is
plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has
facial plausibility when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for the misconduct
alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must
be enough to raise a right to relief above the speculative level." Twombly, 550
U.S. at 555 (citation omitted).

    In considering whether a complaint states a claim, courts follow the
principles set forth in Twombly. First, the court must "identify[ ] pleadings that,
because they are no more than conclusions, are not entitled to the assumption
of truth." Id., 556 U.S. at 679. A plaintiff must support legal conclusions with
factual allegations. Id. Second, if there are well-pleaded factual allegations,
courts must "assume their veracity and then determine whether they plausibly
give rise to an entitlement to relief." Id.

    The plaintiff's complaint does not contain any allegations against the
defendant. It states only that the relief he seeks is to "stop violating [his] right
to file [his] court papers by mail only and picking up [his] court papers at the
sheriff's office." Dkt. No. 1 at 4. His motion for injunctive relief indicates that
the defendant issued a court order "barring [him] from any filings by mail only

4

in Case No. 16-PR-2016." Dkt. No. 3 at 1.[1] He states that the defendant gave no reason for barring him from filing documents by e-mail or fax or in person "at the Probate Office." Id. He says that the order burdens him with the cost of mailing documents and having stamped documents mailed to him. Id. The plaintiff further alleges none of the other parties in the Brown County litigation is subject to a similar filing order. The plaintiff states that the defendant, a judge, also wants him "to pick up [his] court papers at the sheriff's office of Brown County, WI," and that "this needs to end." Id. The plaintiff alleges that the order violates his rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Id. at 2. The plaintiff does not ask for damages. Instead, he has moved for injunctive relief or an order dismissing or striking down the order that the defendant entered in the Brown County litigation. Id. at 1.

The plaintiff filed, as a supplement to his motion for injunctive relief, a copy of the order which he wants the court to vacate or strike down. Dkt. No. 4. The order is dated April 25, 2016, and signed by Brown County Circuit Court Judge William Atkinson. The order states, among other things, that "for any filing by Petitioner Michael Sommerfield, such filings shall be done by mail, not in person in Probate Office, and that a copy of this Order shall be made available for pick-up by Michael Sommerfield at the Brown County Sheriff's Department front desk by Wednesday, April 27, 2016." Id.

---

[1] A review of the Wisconsin Circuit Court Access Program reveals that the plaintiff is a party to In re the Trust of Beverly A. Sommerfield, Brown County Case No. 2016PR000046, and that the judge presiding over that case is Judge William Atkinson. https://wcca.wicourts.gov.

The court must dismiss the plaintiff's complaint for two reasons. First, this federal court lacks subject matter jurisdiction over the plaintiff's constitutional challenge the Brown County court's filing order. Second, the defendant—a Brown County Circuit Court judge—is immune from suit.

With regard to subject matter jurisdiction: the essence of the plaintiff's claim is that the defendant's filing order violates his rights under the First and Fourteenth Amendments because it bars him from filing documents in person and subjects him to additional costs of litigation (the postage necessary to mail court documents). The relief the plaintiff requests is that this federal court vacate, or strike down, the state court judge's April 25, 2016 order. But there is a Supreme Court doctrine, known as the Rooker-Feldman doctrine[2], which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The Seventh Circuit Court of Appeals has held that that same doctrine prevents federal district courts from vacating, or overturning, "interlocutory" orders—orders that don't necessarily decide the outcome of a case—entered in cases pending in the Wisconsin state courts. Harold v. Steel, 773 F.3d 884, 886 (7th Cir. 2014) ("The principle that only the Supreme Court can review the decisions by the state judiciary in civil litigation is as applicable to interlocutory as to final state-court decisions.") For that reason, this court

---

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

6

does not have the jurisdiction to vacate, dismiss, or modify the filing order that the state court judge entered in the Brown County Circuit Court. If the plaintiff believes that the filing order infringes on his constitutional right to access to the courts, the plaintiff must raise that claim in the state court.

With regard to immunity: the defendant is the judge who is presiding over a case in which the plaintiff is a party. Judges are immune from being sued for their judicial conduct. <u>Polzin v. Gage</u>, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). Even if this court had subject matter jurisdiction over the allegations in the motion for injunctive relief, the court would still have to dismiss the complaint because the defendant is immune from suit.

In short, the complaint (and the motion for injunctive relief) fail to state claims for which this court can provide relief, so under Fed. R. Civ. P. 12(b)(6), the court must dismiss the complaint.

The court **GRANTS** the plaintiff's motion to proceed without paying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff's case is **DISMISSED** for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim for which a federal court can grant relief. Dkt. No. 1

7

The court **ORDERS** that the plaintiff's motion for injunction is **DENIED** as moot. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 30th day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge